UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANGELA LOCKRIDGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:20-cv-1712 |
| | ) |
| DERMATOLOGY ASSOCIATES OF | ) |
| INDIANA, P.C. and ANNETTE M. | ) |
| DINNEEN, M.D., | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Angela Lockridge ("Lockridge"), brings this cause of action against Defendants, Dermatology Associates of Indiana, P.C. ("DAI") and Annette M. Dinneen ("Dinneen") (hereinafter collectively referred to as "Defendants," unless otherwise stated), pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et. seq.*, the Indiana Wage Claims Statute ("IWCS"), Indiana Code §§ 22-2-9-1, *et. seq.*, and Indiana common law for unjust enrichment.

**PARTIES**

1. Lockridge has resided within Marion County, Indiana, at all relevant times.

2. DAI has operated and conducted business within Marion County, Indiana, at all relevant times.

3. Dinneen has owned and operated DAI at all relevant times.

1

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C §1331, 29 U.S.C. §216(b), as well as 28 U.S.C. § 1367 for those claims brought under Indiana state or common law.

5. Defendants are "employer[s]" within the meaning of 29 U.S.C. § 203(d).

6. Upon information and belief, DAI has annual gross receipts in excess of $500,000 per year and engages in interstate commerce.

7. Lockridge was an "employee" within the meaning of 29 U.S.C. § 203(e).

8. Lockridge has engaged in interstate commerce on behalf of DAI by scheduling out of state patients and placing advertisements on the internet that reach individuals outside of Indiana.

9. Lockridge filed a complaint with the Indiana Department of Labor ("IDOL") about Defendants' failure to pay overtime wages, and Defendants' wrongful deduction from Lockridge's final paycheck. She exhausted her administrative remedies by filing her wage claim.

10. Venue is proper in this Court.

## FACTUAL ALLEGATIONS

11. Lockridge worked as a medical assistant for Defendants starting on or about September 23, 2013.

12. Part of the duties assigned to Lockridge by Defendants was to clean and prepare the treatment room for the day's procedures.

13. Defendant Dinneen normally required the first procedures for any given day to be scheduled for 8 a.m.

14. Lockridge's scheduled work hours were from 8 a.m. to 5 p.m.

15. Due to the duties assigned to her, Lockridge necessarily was required to come into work two (2) hours early, every business day, in order to clean and prepare the treatment rooms.

16. Lockridge began working a 6 a.m. to 5 p.m. schedule in or about early 2014 and continued working this schedule until her termination on or about May 22, 2020.

17. Defendants were well aware that Lockridge was working an additional two (2) hours each day. Lockridge clocked in upon arrival at the office for the day on the software that was provided. Defendants' employees routinely witnessed Lockridge working at Defendants' office prior to 8 a.m. On at least one occasion Defendant Dinneen witnessed Lockridge working at Defendants' office prior to 8 a.m. Defendant Dinneen required Lockridge to come in early to prepare for the day's treatment. Lockridge routinely discussed her early working hours with Defendants' office manager.

18. On several occasions Lockridge heard Defendants' office manager tell interviewees that Defendants did not pay overtime.

19. Lockridge worked in excess of 40 hours per week for nearly six and a half years.

20. Lockridge was a non-exempt employee paid on an hourly basis. Lockridge's rate of pay when she was terminated was $17.00 per hour.

21. The overtime hours spent by Lockridge constituted work performed for Defendants and served as a measurable benefit to Defendants.

22. The overtime hours worked by Lockridge constituted employment for which she should have received wages from Defendants at a rate of $25.50 per hour.

23. Defendants failed to pay overtime wages to Lockridge for the time worked by her beyond 40 hours per week, resulting in unpaid overtime.

24. Lockridge complained to Defendants' office manager several times about Defendants' failure to pay her for all overtime hours that she worked.

25. Lockridge's complaints concerning not being paid for all hours worked is statutorily protected conduct under the FLSA.

26. Defendants terminated Lockridge on or about May 22, 2020. Prior to being terminated by Defendants, Lockridge had complained to Defendants' office manager about not being paid for overtime hours.

27. Defendants wrongfully withheld 75.5 hours of pay from Lockridge's final paycheck. Defendants' withholding of 75.5 hours of pay from Lockridge's final paycheck was deliberate, willful, and done without any good faith basis.

28. All alleged reasons Defendant provided for terminating Lockridge are pretext for retaliation.

29. Defendants' use and retention of Lockridge's overtime wages was and remains unjust.

30. Lockridge has suffered injury as a result of Defendants' willful, intentional, unlawful actions.

## COUNT I - FAIR LABOR STANDARDS ACT

31. Lockridge hereby incorporates paragraphs 1-30 of her Complaint.

32. Defendants have failed to compensate Lockridge for all overtime wages earned by her.

33. Defendants' actions have been intentional, willful, and in reckless disregard of Lockridge's rights as protected by the FLSA.

### COUNT II – FAIR LABOR STANDARDS ACT RETALIATION

34. Lockridge hereby incorporates paragraphs 1-33 of her Complaint.

35. Lockridge complained to Defendants' office manager on several occasions about not being paid all overtime hours that she worked. Lockridge's complaints were statutorily protected conduct.

36. Dinneen, as the president of DAI, terminated Lockridge on or about May 22, 2020 for her statutorily protected conduct.

37. Defendants' actions have been intentional, willful, and in reckless disregard of Lockridge's rights as protected by the FLSA.

### COUNT III - UNJUST ENRICHMENT

38. Lockridge hereby incorporates paragraphs 1-37 of her Complaint.

39. Defendants retained money for its use that was legally required to be paid to Lockridge for the overtime hours she worked.

40. Defendants have been unjustly enriched at Lockridge's expense in violation of Indiana common law.

### COUNT IV - INDIANA WAGE CLAIMS STATUTE

41. Lockridge hereby incorporates paragraphs 1-40 of her Complaint.

42. Defendant did not timely issue payment to Lockridge for all wages earned by her.

43. Defendants unlawful actions were intentional, willful, and done in reckless disregard of Lockridge's rights as protected by the IWCS.

## REQUESTED RELIEF

WHEREFORE, Angela Lockridge, by counsel, respectfully requests that this Court find for her and order that:

1. Defendants pay all unpaid straight and overtime wages to Lockridge;

2. Defendants pay liquidated and treble damages to Lockridge;

3. Defendants pay all wages and expenses to Lockridge for which Defendants have been unjustly enriched;

4. Defendants pay pre- and post-judgment interest to Lockridge;

5. Defendants pay compensatory and punitive damages to Lockridge;

6. Defendants pay Lockridge's attorneys' fees and costs incurred in litigating this action; and

7. Defendants pay to Lockridge any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

John H. Haskin, Attorney No. 7576-49
Natalie R. Dickey, Attorney No. 25294-41
Shannon L. Melton, Attorney No. 29380-49
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street. 2nd Floor
Indianapolis, Indiana  46204
Telephone:   (317)955-9500
Facsimile:   (317)955-2570
Email:       jhaskin@jhaskinlaw.com
Email:       ndickey@jhaskinlaw.com
Email:       smelton@jhaskinlaw.com
Attorneys for Plaintiff: Angela Lockridge

## DEMAND FOR JURY TRIAL

Plaintiff, Angela Lockridge, by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

John H. Haskin, Attorney No. 7576-49
Natalie R. Dickey, Attorney No. 25294-41
Shannon L. Melton, Attorney No. 29380-49
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street. 2nd Floor
Indianapolis, Indiana  46204
Telephone:   (317)955-9500
Facsimile:   (317)955-2570
Email:       jhaskin@jhaskinlaw.com
Email:       ndickey@jhaskinlaw.com
Email:       smelton@jhaskinlaw.com
Attorneys for Plaintiff: Angela Lockridge