UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANGELA LOCKRIDGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO: 1:20-cv-1712-SEB-DML |
| ) | |
| DERMATOLOGY ASSOCIATES OF ) | |
| INDIANA, P.C. and ANNETTE M. ) | |
| DINNEEN, M.D., ) | |
| ) | |
| Defendants. ) | |

## CASE MANAGEMENT PLAN

**I.   Parties and Representatives**

    A.   Plaintiff:   Angela Lockridge

    Plaintiff's Counsel:   John H. Haskin
    Natalie R. Dickey
    Shannon L. Melton
    JOHN H. HASKIN & ASSOCIATES LLC
    255 North Alabama Street, 2nd Floor
    Indianapolis, IN 46204
    Telephone:   (317) 955-9500
    Facsimile:   (317) 955-2570
    Email:   jhaskin@jhaskinlaw.com
    ndickey@jhaskinlaw.com
    smelton@jhaskinlaw.com

    B.   Defendants:   Dermatology Associates of Indiana, P.C.
    Annette M. Dinneen, M.D.

    Defendants' Counsel:   Lance W. Wonderlin
    LANCE W. WONDERLIN, P.C.
    9465 Counselor's Row, Suite 200
    Indianapolis, IN 46240
    Telephone:   (317) 587-0291
    Facsimile:   (317) 587-0290
    Email:   lance@wonderlinlaw.com

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

**II.   Jurisdiction and Statement of Claims**

A. Jurisdiction is conferred on this Court by 28 U.S.C § 1331, 29 U.S.C. § 216(b), and 28 U.S.C. §1367 for the state law claims alleged.

B. Plaintiff brought her claims against Defendant for violating her rights under the Fair Labor Standards Act and the Indiana Wage Claims Statute. Defendant failed to pay Plaintiff for those hours that she worked in excess of 40 hours per week. After making multiple complaints of not being paid overtime compensation Plaintiff was terminated. Plaintiff's final paycheck was withheld in its entirety by Defendant without good cause.

C. Defendants deny any violation of the FLSA or Indiana Wage Claims Statute, and contend that Plaintiff did not work in excess of Forty hours per week, did not complain about being compensated improperly, voluntarily left her employment, and received full payment of wages due.

**III.   Pretrial Pleadings and Disclosures**

A. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **October 23, 2020**.

B. Plaintiff(s) shall file preliminary witness and exhibit lists on or before **October 30, 2020**.

C. Defendant(s) shall file preliminary witness and exhibit lists on or before **November 6, 2020**.

D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **November 24, 2020**.

E. Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **November 24, 2020**. Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 30 days after receipt of the proposal. The parties shall submit (not file) courtesy copies of their respective demand and response at the time of service via email to *judgelynchchambers@insd.uscourts.gov*. There is no need to follow the email with a hard copy.

F. Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required

*.
Sec. III E. The parties shall submit (not file) courtesy copies of their respective demand and response at the time of service via email to *judgelynchchambers@insd.uscourts.gov*. There is no need to follow the email with a hard copy.*

2

*Revision Date:  September 7, 2018*

|     | |
| --- | --- |
|     | by Fed. R. Civ. P. 26(a)(2) on or before **June 24, 2021**.  Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **July 26, 2021**; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before **July 26, 2021**. |
| G.  | Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline.  If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment.  The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines.  Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court. |
| H.  | Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **November 1, 2021**.  Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1. |
| I.  | All parties shall file and serve their final witness and exhibit lists on or before **August 24, 2021**.  This list should reflect the specific potential witnesses the party may call at trial.  It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements.  The list of final witnesses shall include a brief synopsis of the expected testimony. |
| J.  | Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable. |
| K.  | <u>Discovery of electronically stored information ("ESI")</u>.  The parties have discussed preservation and disclosure of electronically stored discovery information.  Neither party believes it will seek the production of a substantial volume of ESI.  The parties agree to produce hard copies of all requested electronic data when available, absent any privileges or objections which would preclude or protect such data from being disclosed.  However, either party may request that ESI be produced in a different form if desired.  The parties further agree to cooperate in good faith concerning the form in which ESI is to be produced when requested in a different format.  The parties reserve the right to withhold any discovery documents/data based on a known privilege or objection.  Any extraordinary costs for duplication shall be allocated to the requesting party.<br><br>In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is |

unintentionally produced by any party to this proceeding, the producing party may request that the document be returned.  In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document.  The producing party shall promptly identify the returned document on a privilege log.  The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

**IV.     Discovery[1] and Dispositive Motions**

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue.  To this end, counsel must select the track set forth below that they believe best suits this case.  If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate.  If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A. Does any party believe that this case may be appropriate for summary judgment or other dispositive motion?  **No**.

B. On or before **November 1, 2021** and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C. Select the track that best suits this case:

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline.  Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same.  In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

4

*Revision Date:  September 7, 2018*

  __X__ Track 1: No dispositive motions are anticipated.  All discovery shall be completed by **October 25, 2021**.

  <u>Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

V. **Pre-Trial/Settlement Conferences**

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time.  The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery.  **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement.  The parties recommend a settlement conference in February 2021.**

VI. **Trial Date**

The parties request a trial date in **February 2022**.  The trial is by **jury** and is anticipated to take **3-4 days**.  Counsel should indicate here the reasons that a shorter or longer track is appropriate.  While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

VII. **Referral to Magistrate Judge**

  A. **Case**.  At this time, all parties **do not** consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

  B. **Motions**.  The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand.  If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

VIII. **Required Pre-Trial Preparation**

  A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

    1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial.  This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

    a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

    b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to

> offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing.  Any objections shall be made in the same manner as for proposed exhibits.  However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX. **Other Matters**

None.

| | |
|---|---|
| /s/ *Shannon L. Melton* | /s/ *Lance W. Wonderlin (with consent)* |
| John H. Haskin | Lance W. Wonderlin |
| Natalie R. Dickey | LANCE W. WONDERLIN, P.C. |
| Shannon L. Melton | 9465 Counselor's Row, Suite 200 |
| JOHN H. HASKIN & ASSOCIATES LLC | Indianapolis, IN 46240 |
| 255 North Alabama Street, 2nd Floor | Telephone: (317) 587-0291 |
| Indianapolis, IN 46204 | Facsimile: (317) 587-0290 |
| Telephone: (317) 955-9500 | Email: lance@wonderlinlaw.com |
| Facsimile: (317) 955-2570 | |
| Email: jhaskin@jhaskinlaw.com | |
|        ndickey@jhaskinlaw.com | |
|        smelton@jhaskinlaw.com | |

*Revision Date:  September 7, 2018*

| | |
|---|---|
| __x__ | PARTIES APPEARED BY COUNSEL ON **August 18, 2020**, FOR AN INITIAL PRETRIAL CONFERENCE. |
| _____ | APPROVED AS SUBMITTED. |
| __x__ | APPROVED AS AMENDED. |
| _____ | APPROVED AS AMENDED PER SEPARATE ORDER. |
| _____ | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| _____ | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| _____ | THIS MATTER IS SET FOR TRIAL BY _____ ON _____ . FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT _____ .M., ROOM _____ . |
| _____ | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____ .M. COUNSEL SHALL APPEAR: _____ IN PERSON IN ROOM _____ ; OR _____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (____) _____ ; OR _____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (____) _____ . |
| _____ | DISPOSITIVE MOTIONS SHALL BE FILED BY |
| __x__ | NON-EXPERT WITNESS AND LIABILITY DISCOVERY SHALL BE COMPLETED BY **October 25, 2021** |

8

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**

Date: 8/18/2020

_____
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana